PAUL BARBOR, PLAINTIFF IN ERROR, V. CATHARINE BOEHM, DEFENDANT IN ERROR.

1. **Trial.** Questions of fact and upon conflicting testimony, are to be decided by the trial court, or jury, and a finding or verdict will not be set aside on the ground of a want of sufficient evidence to support it unless the want is so great as to show that the verdict is manifestly wrong.

2. **Insurance:** NOTE GIVEN IN PAYMENT OF PREMIUM. A promissory note given for the premium on an insurance policy issued by an insurance company which had not complied with the laws of the state in filing its statement and procuring the certificate of the state auditor authorizing it to issue policies, is void as between the parties to the contract, and cannot be enforced.

ERROR to the district court for Hall county. Tried below before NORVAL, J.

*Thummel & Platt* and *T. O. C. Harrison,* for plaintiff in error.

*O. A. Abbott,* for defendant in error.

REESE, J.

This action was founded upon a promissory note executed by defendant in error to plaintiff in error. The defense presented by the answer was, that the note, with another, was given as and for the premium upon two policies of life insurance, one of which was for the sum of $5,000, issued by the Continental Life Insurance Company, of Hartford, Connecticut, the other being issued by the United States Life Insurance Company, of New York city, for the sum of $10,000, and that there was no other consideration for said notes. It is further alleged that at the time of the issuance of said policies the said United States Life Insur-

ance Company was a corporation organized under the law of the state of New York, and that it had not complied with the law of this state in the matter of filing with the auditor of state the statements required by law, and that no certificate had been issued by the auditor authorizing said insurance company to transact business as such within the state. That the application and contract of insurance were made and the notes executed within the state, all of which was contrary to law, and by reason whereof the note was void and of no effect. The premium on the policy issued by the Continental Insurance Company was $163; on that of the United States Insurance Company, $374.80, making a total of $537.80, one half of which—$268.90 —is included in the note upon which this suit was brought.

The real and controlling question is one of fact. It is claimed by plaintiff in error that the note in suit does not represent any part of the premium on the policies of insurance, but that he loaned to defendant in error the $537.80 to pay the premium on the two policies, and took the notes referred to, payable to himself, advancing the money for the policies, and thus becoming the creditor of defendant in error for that amount. Upon the other hand it is contended by defendant in error that the notes were given for no other consideration than for the premium on the policies, and that no contract or agreement ever was made by which the money was to be advanced by plaintiff in error as a loan to defendant in error, or otherwise.

The cause was tried to the court who found in favor of defendant. The testimony was conflicting. Defendant testified that the contract was that she was to give her notes for the premium as she did do, and that the notes were given for no other purpose. Plaintiff testified in the main to the opposite, yet both in his testimony in chief and cross-examination he stated that the notes were given for the premium on the two policies. Each party was supported by corroborative testimony, more or less direct. The question

at issue was submitted to the court upon conflicting testimony and the finding thereon must stand.

The court, by its decision having found that the note was given for the premium on the policies of insurance, and the evidence being undisputed that the United States Company was a foreign corporation, and that it had not complied with the law of this state and received the certificate of the auditor authorizing it to transact business in the state, it follows that as between the parties to the contract it is void, and payment of the note cannot be enforced. *Health Association v. Rosenthal*, 55 Ill., 85. *Insurance Co. v. Harvey*, 11 Wis., 412.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.